UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter Of:

LIFESTYLE LIFT HOLDING, INC., et al.,[1]

Chapter 11
Case No. 15-44839-WS
Hon. Walter Shapero

Debtor.

_____/

## MOTION FOR ORDER AUTHORIZING SALE OF ACCOUNTS RECEIVABLE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, WITH SAME ATTACHING TO THE PROCEEDS OF SALE AND FOR OTHER RELIEF

Basil T. Simon, Chapter 11 Trustee of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby moves the Court for the entry of an order for the sale of the accounts receivable of Debtor Lifestyle Lift Holding, Inc. In support of this Motion, the Trustee respectfully states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363(b) and (f) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rules 2002(a)(2) and (a)(6), 2002(c), and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 6004-1 and 9014-1(a).

---

[1] The Debtors in these jointly administered cases include Lifestyle Lift Holding, Inc., Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc. and Scientific Image Center Staffing, Inc.

4. On March 27, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are corporations principally engaged in the activities of managing surgical medical practices throughout the country.

5. Prior to the Petition Date, Debtor Lifestyle Lift Holding, Inc. owned various accounts receivable generated from the operations of the Debtors. The collection of such accounts receivable was managed by Healthcare Finance Direct, LLC.

6. As of the Petition Date, the accounts receivable totaled approximately $10,183.390.00. The accounts receivable serve as collateral to secure the repayment of obligations due JPMorgan Chase Bank, N.A. ("Chase") under loan documents executed by the Debtor(s) prior to the Petition Date.

7. The Trustee has received an offer to purchase the accounts receivable and other property rights as defined in Section 2.01 (the "Purchased Assets") of the Receivables Purchase Agreement and Receipt for Deposit attached as **Exhibit A** (the "Purchase Agreement"), from CrossCheck Capital, LLC, a Wyoming limited liability company, for a sum of equal to 14% of the gross outstanding receivables on the day of closing as further described in the Purchase Agreement.

8. The Trustee is informed, and based upon such information believes, that the value of such offer exceeds $1,000,000.00.

9. Chase holds a properly perfected and first priority security interest in the Purchased Assets. Chase has consented to the sale of the Purchased Assets. Chase has further consented to pay to the Trustee the sum of $25,000.00 from the sale proceeds as compensation to the Trustee for the administration of the Purchased Assets.

10. The Trustee proposes to sell the Purchased Assets free and clear of all liens, claims and encumbrances and transfer same to the proceeds of sale pursuant to 11 U.S.C. § 363(b) and (f) and distribute the net proceeds of the sale to Chase after payment to the Trustee of compensation in the amount of $25,000.00 for the administration of the Purchased Assets.

WHEREFORE, Basil T. Simon, Trustee, prays as follows:

A. A notice of proposed sale be sent to creditors and all parties in interest;

B. The Court entertain the highest bid for the property described herein free and clear and authorize the Trustee to sell same; and

C. For all other necessary and appropriate relief.

SIMON, STELLA & ZINGAS, P.C.

BY: /S/ Stephen P. Stella
STEPHEN P. STELLA (P33351)
Attorney for Trustee
645 Griswold, Suite 3466
Detroit, Michigan 48826
(313) 962-6400
attorneystella@sszpc.com

Dated: May 28, 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter Of:

LIFESTYLE LIFT HOLDING, INC., et al.,[1]

Debtor.
_____/

Chapter 11
Case No. 15-44839-WS
Hon. Walter Shapero

Exhibit 1

**ORDER GRANTING MOTION FOR ORDER AUTHORIZING SALE OF ACCOUNTS RECEIVABLE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, WITH SAME ATTACHING TO THE PROCEEDS OF SALE AND FOR OTHER RELIEF**

Upon the Motion For Order Authorizing Sale Of Accounts Receivable Free And Clear Of Liens, Claims And Encumbrances, With Same Attaching To The Proceeds Of Sale And For Other Relief ("Motion") of Basil T. Simon, Chapter 11 Trustee of the above-captioned debtors (collectively, the "Debtors"), and it appearing that pursuant to the Motion, the Trustee sought this Court's order authorizing him to sell accounts aeceivable owned by Lifestyle Lift Holding, Inc.(herein,"Lifestyle"); it further appearing that the requested relief is in the best interest of the Lifestyle estate, its creditors and other parties in interest; it further appearing that notice of the Motion is adequate, having been properly served on all of Lifestyle's creditors and parties in interest appearing on the Lifestyle mailing matrix; and the court being otherwise fully advised in the premises;

---

[1] The Debtors in these jointly administered cases include Lifestyle Lift Holding, Inc., Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc. and Scientific Image Center Staffing, Inc.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Trustee's Motion be and hereby is granted in all respects and the Trustee is authorized to sell the Purchased Assets (as defined in the Motion) to CrossCheck Capital, LLC, or the highest bidder therefore.

**IT IS FURTHER ORDERED** that the Trustee be and hereby is authorized to execute any and all documents necessary to effectuate said sale;

**IT IS FURTHER ORDERED** that the Trustee shall receive compensation in the amount of $25,000.00 from the proceeds of the sale;

**IT IS FURTHER ORDERED** that the Trustee shall pay to JPMorgan Chase Bank, N.A. the balance of the proceeds of the sale.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter Of:

LIFESTYLE LIFT HOLDING, INC., et al.,[1]

Chapter 11
Case No. 15-44839-WS
Hon. Walter Shapero

Debtor.

Ex. 2

_____/

**NOTICE OF SALE AND OF FILING MOTION FOR ORDER AUTHORIZING SALE OF ACCOUNTS RECEIVABLE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, WITH SAME ATTACHING TO THE PROCEEDS OF SALE AND FOR OTHER RELIEF**

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have any attorney, you may wish to consult one.)**

If you do not want the court to enter an Order granting the Trustee's, or if you want the court to consider your views on the Motion, within 21 days you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

BASIL T. SIMON, TRUSTEE has filed papers with the Court for Entry Of An Order Authorizing Sale Of Accounts Receivable Free And Clear Of Liens, Claims And Encumbrances, With Same Attaching To The Proceeds Of Sale And For Other Relief setting forth the following, in part, as a basis for the Motion:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).
2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these jointly administered cases include Lifestyle Lift Holding, Inc., Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc. and Scientific Image Center Staffing, Inc.

3.  The statutory bases for the relief requested herein are sections 105(a), 363(b) and (f) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rules 2002(a)(2) and (a)(6), 2002(c), and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 6004-1 and 9014-1(a).

4.  On March 27, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are corporations principally engaged in the activities of managing surgical medical practices throughout the country.

5.  Prior to the Petition Date, Debtor Lifestyle Lift Holding, Inc. owned various accounts receivable generated from the operations of the Debtors. The collection of such accounts receivable was managed by Healthcare Finance Direct, LLC.

6.  As of the Petition Date, the accounts receivable totaled approximately $10,183,390.00. The accounts receivable serve as collateral to secure the repayment of obligations due JPMorgan Chase Bank, N.A. ("Chase") under loan documents executed by the Debtor(s) prior to the Petition Date.

7.  The Trustee has received an offer to purchase the accounts receivable and other property rights as defined in Section 2.01 (the "Purchased Assets") of the Receivables Purchase Agreement and Receipt for Deposit attached to the Motion as **Exhibit A** (the "Purchase Agreement"), from CrossCheck Capital, LLC, a Wyoming limited liability company, for a sum of equal to 14% of the gross outstanding receivables on the day of closing as further described in the Purchase Agreement.

8.  The Trustee is informed, and based upon such information believes, that the value of such offer exceeds $1,000,000.00.

9.  Chase holds a properly perfected and first priority security interest in the Purchased Assets. Chase has consented to the sale of the Purchased Assets. Chase has further consented to pay to the Trustee the sum of $25,000.00 from the sale proceeds as compensation to the Trustee for the administration of the Purchased Assets.

10. The Trustee proposes to sell the Purchased Assets free and clear of all liens, claims and encumbrances and transfer same to the proceeds of sale pursuant to 11 U.S.C. § 363(b) and (f) and distribute the net proceeds of the sale to Chase after payment to the Trustee of compensation in the amount of $25,000.00 for the administration of the Purchased Assets.

Higher bids may be made on June 29, 2015 at 10:00 a.m. ("Sale Date") at 645 Griswold, Suite 3466, Detroit, Michigan 48226. All bidders for the Purchased Assets must agree to the terms and conditions contained in the Purchase Agreement. A 10% deposit will be required of the high bidder, plus bona fide evidence of financial means to close on the sale. Failure by the high bidder to timely tender the balance owed on the sale will result in forfeiture of the deposit. Further information regarding this sale may be obtained from the undersigned.

Pursuant to LBR 9014(E.D.M.), you have Twenty One (21) days after service of this Notice to file and serve a response or objection to the Trustee's Motion and if a response or objection is not timely filed and served, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting the relief without a hearing. In the event a response or objection to the Motion is filed, a hearing will be held after due notice, in the Courtroom of the Honorable Walter Shapero, 231 W. Lafayette Blvd., Detroit, Michigan. You must also serve the Trustee and his counsel with a copy of any response or objection at the address set forth below.

Date: 5-28-15

 /S/ Stephen P. Stella  
STEPHEN P. STELLA (P33351)  
Attorney for Trustee  
645 Griswold, Suite 3466  
Detroit, MI 48226  
313/962-6400  
attorneystella@sszpc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter Of:

LIFESTYLE LIFT HOLDING, INC., et al.,[1]

Debtor.

Chapter 11
Case No. 15-44839-WS
Hon. Walter Shapero

Exhibit "4"

_____/

## PROOF OF SERVICE

STATE OF MICHIGAN)
    ) ss.
COUNTY OF WAYNE)

I, Antinette Gaty, hereby certify that on May 28, 2015, I electronically filed the following:

MOTION FOR ORDER AUTHORIZING SALE OF ACCOUNTS RECEIVABLE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, WITH SAME ATTACHING TO THE PROCEEDS OF SALE AND FOR OTHER RELIEF; NOTICE OF SALE AND OF FILING MOTION FOR ORDER AUTHORIZING SALE OF ACCOUNTS RECEIVABLE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, WITH SAME ATTACHING TO THE PROCEEDS OF SALE AND FOR OTHER RELIEF; PROPOSED ORDER AND THIS PROOF OF SERVICE

with the Clerk of the Court using the ECF and I hereby certify that the Court's ECF System has served all registered users. I have mailed by United States Postal Service the above-referenced pleading to the following non-ECF participants:

CrossCheck Capital, LLC
2001 Columbus Street
Bakersfield, CA 93305
Attn: Tyler Johnson, President

---

[1] The Debtors in these jointly administered cases include Lifestyle Lift Holding, Inc., Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc. and Scientific Image Center Staffing, Inc.

by placing same in a U.S. mail receptacle in Detroit, Michigan, first class, postage-prepaid.

    /S/ Antinette Gaty
ANTINETTE GATY
645 Griswold, Ste. 3466
Detroit, MI 48226
(313) 962-6400
attorneystella@sszpc.com
Secretary to Stephen P. Stella

Subscribed and sworn to before me
This 28th day of May, 2015

/s/ Stephen P. Stella
STEPHEN P. STELLA, Notary Public
Oakland County, Michigan
My commission expires: 11-18-17